IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HARVEY LESTER CYPHERS, a.k.a. HARVERY LESTER CYPHERS, *Movant* <br><br> v. <br><br> UNITED STATES OF AMERICA, *Respondent* | § § § § § § § § <br><br> Case No. 1:24-CV-00904-DAE-SH <br> Case No. 1:16-CR-00104-DAE-1 |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE DAVID A. EZRA
      UNITED STATES DISTRICT JUDGE

Before the Court are Movant's Motion to Vacate Under 28 U.S.C. § 2255 and Out of Time Motion for New Trial and Evidentiary Hearing, both filed August 5, 2024 (Dkts. 55, 56); the United States' Response Opposing Defendant's § 2255 Motion, filed December 6, 2024 (Dkt. 64); and Movant's Objection Traverse to Government Response to § 2255 Motion, filed December 26, 2024 (Dkt. 66).[1]

### I.   Background

On April 6, 2016, Movant Harvey Lester Cyphers was interviewed by Austin Police Department ("APD") officers as part of an investigation of a missing persons case. Detention Hearing Transcript at 4:19-5:7, Dkt. 51 at 4-5. Movant told officers that he inherited firearms from his father. *Id.* at 34:5-8, Dkt. 51 at 34. APD notified the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") that Movant was a convicted felon who had firearms at one of his

---

[1] This Magistrate Judge submits this report and recommendation pursuant to the District Court's referral under 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas (Dkt. 57), and *United States v. Johnston*, 258 F.3d 361, 374 (5th Cir. 2001) (Higginbotham, J., specially concurring).

1

residences. Dkt. 55-1 at 8. Law enforcement officers obtained a search warrant for the residence and executed it on April 15, 2016. *Id.* at 17. Movant cooperated with the ATF by providing keys to the unoccupied residence and unlocking a gun safe, where several firearms and rounds of ammunition were discovered. *Id.* at 22. ATF seized the firearms and ammunition and arrested Movant. *Id.* at 22-23.

Movant was indicted and pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Dkt. 15. The District Court sentenced Movant to twenty-four months' imprisonment, followed a three-year term of supervised release. Dkt. 43.

Movant was released from prison to begin his term of supervised release on February 9, 2018. Dkt. 64 at 2. While on release, he was indicted on multiple state charges, including capital murder. Dkt. 64-1 at 2, 10. On January 4, 2023, Movant pled guilty to one count of Tampering/Fabricating Physical Evidence with Intent to Impair Human Corpse and one count of Tampering/Fabricating Physical Evidence with Intent to Impair and was sentenced as a habitual offender to 25 years in prison, with release scheduled for 2031. Dkt. 64 at 3; Dkt. 64-1 at 12.

Movant asks the Court to vacate his sentence under 28 U.S.C. § 2255, arguing that his conviction should be overturned because he received ineffective assistance of counsel, the indictment was fatally defective, and he is actually innocent. Dkt. 55. He also requests an evidentiary hearing.

## II. Analysis

28 U.S.C. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws

> > of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In most cases, the statute of limitations begins to run on "the date on which the judgment of conviction becomes final." *Dodd v. United States*, 545 U.S. 353, 357 (2005) (quoting § 2255(f)(1)). The limitations period is not jurisdictional and may be equitably tolled only in rare and exceptional circumstances. *United States v. Cardenas*, 13 F.4th 380, 382 (5th Cir. 2021).

The Court entered judgment on October 18, 2016. Dkt. 43. Movant did not file a direct appeal. "When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires." *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012). Movant's conviction became final on November 1, 2016, fourteen days after entry of judgment. FED. R. APP. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed . . . ."); *United States v. Duran*, 934 F.3d 407, 410 (5th Cir. 2019) (stating that defendant's conviction became final fourteen days after entry of judgment). The limitations period for seeking § 2255 relief began on November 1, 2016, so Movant's motion was due by November 1, 2017. *United States v. Plascencia*, 537 F.3d 385, 390 (5th Cir. 2008) (calculating the one-year limitations period from the expiration of the time to file a notice of appeal). Because he did not file his § 2255 motion until July 12, 2024,[2] it is untimely under § 2255(f)(1). *Id.*

---

[2] Under the mailbox rule, the filing date is the date the Movant placed his motion in the prison mailing system. *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011) (per curiam).

3

Movant argues that on October 20, 2023, he received "newly discovered evidence" from the Texas State Bar that

> will show that applicant would not have been convicted in 2016 by no jury; and that he was actually innocent. Exhibits and documents will show this court on 06 April, 2016 the Austin Police Department colluded with Federal agents of the A.T.F. to enforce a federal firearm statute which violated Texas Penal Code 1.10(b)(1).

Dkt. 55 at 13. Texas Penal Code § 1.10(b)(1) prohibits state law enforcement from contracting with or providing assistance to a federal agency to enforce certain federal laws relating to firearms.

APD's referral to ATF was discussed in Movant's presence twice: during the detention hearing on April 20, 2016, and during the rearraignment and plea hearing on July 27, 2016. Detention Hearing Transcript at 4:8-11, Dkt. 51 at 4; Rearraignment and Plea Hearing Transcript at 20:13-15, Dkt. 52 at 20. In the rearraignment and plea hearing, Movant confirmed that he understood the summary of the evidence in the case provided by the United States, which included cooperation between APD and ATF. Tr. at 22:3-5, Dkt. 52 at 22. Those statements, not the notice from the Texas State Bar more than seven years later, first put Movant "in a position to realize" that he should act. *United States v. Rodriguez*, 858 F.3d 960, 962 (5th Cir. 2017) (quoting *Johnson v. United States*, 544 U.S. 295, 308 (2005)).

If Movant asserts that the newly discovered evidence is the existence of Texas Penal Code § 1.10(b)(1), his lack of knowledge of the law does not justify tolling. *United States v. Wheaten*, 826 F.3d 843, 853 (5th Cir. 2016). That statute, moreover, did not take effect until September 1, 2021 – years after Movant's guilty plea – and contains no retroactivity provision. *See City of Austin v. Whittington*, 384, S.W.3d 766, 790 (Tex. 2012) (recognizing presumption that statutes are prospective unless expressly made retroactive). The statute also excludes contracts or agreements in effect on January 19, 2021. TEX. PENAL CODE § 1.10(c). Section 1.10(b)(1) would have had no bearing on Movant's case, so its existence does not support his claims.

Movant argues that his actual innocence can overcome "any procedural bar." Dkt. 56 at 22. Although he asserts that the newly discovered evidence "will show" that he is actually innocent, he presents no evidence other than APD and ATF's cooperation to support a claim of actual innocence. This is insufficient to persuade the Court that "it is more likely than not that no reasonable juror would have found [Movant] guilty beyond a reasonable doubt." *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Movant's arguments about "errors involving a fundemental [sic] defect which inherantly [sic] results in a complete miscarriage of justice" stem from the cooperation between APD and ATF. Dkt. 56 at 22. As stated, this does not form a basis for tolling. Movant does not meet his burden to sustain his contentions that the limitations period should be tolled. *United States v. Clay*, 921 F.3d 550, 559 (5th Cir. 2019).

The cooperation between APD and ATF in Movant's case is not a basis for tolling, and Movant does not show that his claims regarding actual innocence or miscarriage of justice excuse him from § 2255(f)'s one-year filing deadline. He provides no other reason to toll the statute of limitations and does not show that rare and exceptional circumstances warrant tolling. Movant has failed to meet his burden to demonstrate that his filing was timely, so his § 2255 motion should be dismissed. *Duran*, 934 F.3d at 413.[3]

Movant also requests "a new trial based on newly discovered evidence," citing the evidence he received from the Texas State Bar on October 20, 2023. Dkt. 56 at 1. Movant is not entitled to a hearing. The motion, files, and record establish that he is not entitled to relief because his motion was not timely filed. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam); *see also Rodriguez*, 858 F.3d at 964 (affirming district court's decision to not grant an evidentiary

---

[3] Finding that Movant's motion is time-barred, the Court does not address the merits of Movant's claim of ineffective assistance of counsel.

hearing when underlying claim was not timely filed under § 2255(f)). This Magistrate Judge recommends that the District Court deny his request for a hearing.

### III.   Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Movant Harvey Lester Cyphers' Motion to Vacate Under 28 U.S.C. § 2255 (Dkt. 55) as time-barred under the one-year statute of limitations in 28 U.S.C. § 2255(f)(1) and **DENY** Movant's Out of Time Motion for New Trial, Evidentiary Hearing (Dkt. 56).

The Court **ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable David A. Ezra.

### IV.   Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Under Rule 11 of the Federal Rules Governing Section 2255 Proceedings, as amended, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant.

A COA may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court denies a petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Reasonable jurists could neither debate the dismissal of Movant's § 2255 motion on procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed.

> Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.* The Court recommends that a certificate of appealability not be issued.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 23, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE