IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

HARVEY LESTER CYPHERS, A.K.A. HARVERY LESTER CYPHERS,

Movant,

vs.

UNITED STATES OF AMERICA,

Respondent.

1:24-cv-904-DAE
1:16-cr-104-DAE

ORDER (1) ADOPTING REPORT AND RECOMMENDATION, (2) DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255, (3) DENYING MOTION FOR NEW TRIAL; and (4) DENYING CERTIFICATE OF APPEALABILITY

Before the Court is United States Magistrate Judge Susan Hightower's Report and Recommendation ("Report"), filed May 23, 2025, addressing Movant Harvey Lester Cyphers's Motion to Vacate Under 28 U.S.C. § 2255 (Dkt. # 55) and his Out-of-Time Motion for New Trial and Evidentiary Hearing (Dkt. # 56). On July 3, 2025, Cyphers filed an advisory stating that he does not object to the Report. (Dkt. # 71.)

After reviewing the Report, the record, and the applicable law, the Court **ADOPTS** Judge Hightower's recommendations in full, **DENIES** Movant's § 2255 Motion to Vacate (Dkt. # 55), **DENIES** Movant's Motion for New Trial (Dkt. #56) and **DENIES** a certificate of appealability in this case.

BACKGROUND

On April 6, 2016, Movant Harvey Lester Cyphers was interviewed by Austin Police Department ("APD") officers as part of an investigation of a missing persons case. (Dkt. # 51 at 4-5.) Movant told officers that he inherited firearms from his father. (Id. at 34.) APD notified the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") that Movant was a convicted felon who had firearms at one of his residences. (Dkt. 55-1 at 8.) Law enforcement officers obtained a search warrant for the residence and executed it on April 15, 2016. (Id. at 17.) Movant cooperated with the ATF by providing keys to the unoccupied residence and unlocking a gun safe, where several firearms and rounds of ammunition were discovered. (Id. at 22.) ATF seized the firearms and ammunition and arrested Movant. (Id. at 22–23.)

Movant was indicted and pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Dkt. # 15.) The Court sentenced Movant to twenty-four months' imprisonment, followed a three-year term of supervised release. (Dkt. # 43.) Movant was released from prison to begin his term of supervised release on February 9, 2018. (Dkt. # 64 at 2.) While on release, he was indicted on multiple state charges, including capital murder. (Dkt. # 64-1 at 2, 10.) On January 4, 2023, Movant pled guilty to one count of Tampering/Fabricating Physical Evidence with Intent to Impair Human

Corpse and one count of Tampering/Fabricating Physical Evidence with Intent to Impair and was sentenced as a habitual offender to 25 years in prison, with release scheduled for 2031. (Dkt. # 64 at 3; Dkt. # 64-1 at 12.) Movant asks the Court to vacate his sentence under 28 U.S.C. § 2255, arguing that his conviction should be overturned because he received ineffective assistance of counsel, the indictment was fatally defective, and he is actually innocent. (Dkt. # 55.) He also requests an evidentiary hearing.

Judge Hightower filed a Report and Recommendation on May 23, 2025. (Dkt. # 67.) On July 3, 2025, Movant filed an Advisory to the Court indicating that he has chosen not to object the Report. (Dkt. # 71.)

DISCUSSION

Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Report for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). After careful review, the Court finds no clear error in Judge Hightower's recommendation. As a result, the Court adopts Judge's Howell's Report in full.

The Court agrees with the Magistrate Judge that the limitations period for seeking § 2255 relief began on November 1, 2016, so Movant's motion was due by November 1, 2017. United States v. Plascencia, 537 F.3d 385, 390 (5th Cir. 2008) (calculating the one-year limitations period from the expiration of the

time to file a notice of appeal). Because Movant did not file his § 2255 motion until July 12, 2024,2 it is untimely under § 2255(f)(1). Id.

Moreover, the Court finds that Judge Hightower did not err in finding that Movant's arguments about "errors involving a fundemental [sic] defect which inherantly [sic] results in a complete miscarriage of justice" do not form a basis for tolling. (Dkt. # 56 at 22.) Thus, the Court agrees with Judge Hightower that Movant does not meet his burden to sustain his contentions that the limitations period should be tolled. United States v. Clay, 921 F.3d 550, 559 (5th Cir. 2019).

Movant also requests "a new trial based on newly discovered evidence," citing evidence he received from the Texas State Bar on October 20, 2023. (Dkt. # 56 at 1). The Court agrees with the Magistrate Judge that Movant is not entitled to a new trial or hearing. The motion, files, and record establish that he is not entitled to relief because his motion was not timely filed. United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam); see also United States v. Rodriguez, 858 F.3d 960, 964 (5th Cir. 2017) (affirming district court's decision to not grant an evidentiary hearing when underlying claim was not timely filed under § 2255(f)).

Accordingly, the Court **ADOPTS** Judge Hightower's recommendation and **DENIES** Movant's § 2255 Motion (Dkt. # 55) and **DENIES** Movant's Out of Time Motion for New Trial, Evidentiary Hearing (Dkt. # 56.)

CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may only be issued if a movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A movant is required to show that reasonable jurists could debate whether the issues could have been resolved differently or are "adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483 (2000). In this case, reasonable jurists could neither debate the dismissal of Movant's § 2255 motion on procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Accordingly, the Court **DENIES** Movant a Certificate of Appealability.

CONCLUSION

For the reasons given, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 67) as the opinion of the Court. Accordingly, the Court **DENIES** Movant's § 2255 Motion to Vacate (Dkt. # 55), **DENIES** Movant's Motion for New Trial (Dkt. #56) and **DENIES** a certificate of appealability in this case.

**IT IS SO ORDERED.**

**SIGNED:** Austin, Texas, August 20, 2025.

Hon. David Alan Ezra
Senior U.S. District Judge